19-3238
Parchment v. Garland

BIA
Christensen, IJ
A073 138 794

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand twenty-two.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> MICHAEL H. PARK,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

OKIEL AUGUSTUS PARCHMENT, AKA
DAVID REID
> *Petitioner,*

> v.

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

19-3238
NAC

_____

FOR PETITIONER: Craig Relles, Esq., White Plains, NY.

**FOR RESPONDENT:** Joseph H. Hunt, Assistant Attorney General; Anthony C. Payne, Assistant Director; Jennifer A. Bowen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED because we lack jurisdiction.

Petitioner Okiel Augustus Parchment ("Parchment"), a native and citizen of Jamaica, seeks review of a September 5, 2019 BIA decision affirming a February 22, 2018 Immigration Judge ("IJ") decision denying his claim for relief under the Convention Against Torture ("CAT").  *In re Okiel Augustus Parchment*, No. A073 138 794 (B.I.A. Sept. 5, 2019), *aff'g* No. A073 138 794 (Immig. Ct. N.Y.C. Feb. 22, 2018).

Parchment was removed to Jamaica pursuant to a final order of removal executed on December 17, 1998.  *See* Cert. Admin. R. 57-59, 67, 73-74, 112, 408-12, 443, 514-15, 534.  He illegally reentered the United States.  After he was apprehended, the Department of Homeland Security ("DHS") issued a Notice of Intent/Decision to Reinstate the prior order of

2

removal on August 9, 2016. *Id.* at 533-34; *see* 8 U.S.C. § 1231(a)(5).

Parchment then expressed a fear of returning to Jamaica and was referred to an IJ for withholding-only proceedings. Cert. Admin. R. 510-25; *see* 8 C.F.R. § 208.31. Parchment applied for deferral of removal under the CAT. Cert. Admin. R. 112-75. The IJ denied Parchment's application and the BIA affirmed on September 5, 2019. *Id.* at 3-4, 48-55. Parchment petitioned for review on October 7, 2019.

As we recently explained, we lack jurisdiction to consider an illegal reentrant's claims if he petitions for review more than 30 days after his removal order is reinstated. *Bhaktibhai-Patel v. Garland*, No. 19-2565, __ F.4th ___, 2022 WL 1230819, at *5-9 (2d Cir. Apr. 27, 2022); *see* 8 U.S.C. §§ 1252(a)(1), (b)(1), 1101(a)(47)(B). DHS reinstated Parchment's prior order of removal on August 9, 2016. He petitioned for review more than 30 days later, on October 7, 2019. We therefore lack jurisdiction and dismiss the petition.

The petition for review is DISMISSED for lack of juris-diction.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4